# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMARA PERRY,               )

       Plaintiff          )

v.                     )  **Case No.:**

NCO FINANCIAL SYSTEMS, INC.,  )  **COMPLAINT AND DEMAND FOR**

       Defendant       )  **JURY TRIAL**

_____)  **(Unlawful Debt Collection Practices)**

## COMPLAINT

TAMARA PERRY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person residing in Columbia, South Carolina 29223.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Also, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9.     Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

10.     Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

14.     Beginning on or around October 1, 2011, and continuing through November 22, 2011, Defendant constantly and continuously placed collection calls to Plaintiff's place of employment seeking and demanding payment for an alleged debt owed.

15.     Defendant contacted Plaintiff, on average, at least two (2) times a day.

16.     On several occasions, Plaintiff spoke with a representative of Defendant, who identified herself to Plaintiff as "Janet Hall," and advised her that she was unable to receive personal calls at work and could not discuss any matters related to the alleged debt at work.

17.     Plaintiff requested that "Janet" contact her after 5:00 p.m.

18.     Defendant, however, ignored Plaintiff's instructions and continued to contact her at her place of employment.

- 3 -

19.  During one of her conversations with Defendant, occurring on October 27, 2011, Defendant's representative, "Janet," threatened Plaintiff that if she did not make payment, that she was going to have her "assistant" pull information about Plaintiff's Human Resources Department and send information about the debt to her Human Resources Department.

20.  Also, "Janet" threatened Plaintiff that "papers were being filed against" her.

21.  Plaintiff understood Defendant's statements to mean that it was going to disclose information about a debt to her employer and that it was going to commence legal action against her.

22.  Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff, Defendant did not intend to take legal action, and, to date, Defendant has not taken legal action against Plaintiff.

23.  Additionally, on another occasion, "Janet" claimed that Defendant had returned checks from a checking account, which Plaintiff had closed because Defendant had taken money out of the account causing her to have a negative balance, which Plaintiff understood to meant that Defendant was attempting to withdraw funds that had not been authorized by her.

24.  Further, "Janet" threatened to garnish Plaintiff's wages and take further legal action if Plaintiff did not pay immediately.

PLAINTIFF'S COMPLAINT

25.     Again, at the time Defendant threatened to garnish Plaintiff's wages and take legal action, Defendant did not intend to garnish her wages or take legal action, and, to date, Defendant has not garnished her wages or taken any legal action against Plaintiff.

26.     Knowing that she could not receive collection calls at work, Plaintiff stopped answering Defendant's collection calls.

27.     Then, on November 22, 2011, Defendant's representative, Janet, contacted Plaintiff's Human Resources Department and advised that she was "looking for" Plaintiff.

28.     Plaintiff felt forced to speak with Defendant regarding the alleged debt, even though she was not permitted to receive these types of calls at work, because Defendant had contacted her employer.

29.     Defendant's sole purpose in continuously and repeatedly contacting Plaintiff was to harass her.

30.     Defendant conducted its debt collection activities in ways that were a violation of the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

31.     The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector

to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996);

<u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA);

<u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

32.    The FDCPA is a remedial statute, and therefore must be construed

liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235

(W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts

interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d

1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA)

15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in

favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

33.    The FDCPA is to be interpreted in accordance with the "least

sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168

(11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v.

Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA

was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a

false statement may be obviously false to those who are trained and experienced

does not change its character, nor take away its power to deceive others less

experienced."    <u>Id.</u>    The least sophisticated consumer standard serves a dual

purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34.    Defendant violated the FDCPA based on the following:

a.  Defendant violated §1692 generally;

b.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

c.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse or harass;

d.  Defendant violated §1692e of the FDCPA by using false, deceptive and misleading representations in connection with the collection of a debt;

e.  Defendant violated §1692e(4) of the FDCPA by threatening

Plaintiff with wage garnishment even though such action is not intended to be taken;

f.  Defendant violated §1692e(5) of the FDCPA by threatening Plaintiff with legal action even though such action is not intended to be taken;

g.  Defendant violated §1692e(10) of the FDCPA by making false representations or using deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff;

h.  Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

i.  Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

35.  As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, TAMARA PERRY, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

a.  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAMARA PERRY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

DATED: 12-14-11

- 9 -